UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**DAHVED MALIK LILLACALENIA**                                                                                   **PLAINTIFF**

v.                                                                          CIVIL ACTION NO. 3:24-CV-122-GNS

**CITY OF LOUISVILLE**                                                                                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dhaved Malik Lillacalenia filed the instant *pro se* action.  Upon consideration of Plaintiff's application to proceed without prepayment of fees, **IT IS ORDERED** that the application (DN 3) is **GRANTED**.  Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2).  For the following reasons, the action will be dismissed.

I.

Plaintiff filed the complaint on a civil complaint form.  He sues the "City of Louisville Social Security Administration."  In the "Basis for Jurisdiction" section of the form, Plaintiff writes, "Violations of 42 U.S.C. 1983, 18 U.S.C. 242 . . . Constitutional Rights 1-5-14."  In the "Statement of the Claim" section of the complaint form, Plaintiff states, "The Plaintiff suffers from Depression & Bipolarism – from 2013 to present[.]  His treatments and medications were not a factor in decision-making of judgment by the SSI Admin Judges."  Plaintiff indicates that he seeks relief "for violations of 1) work discrimination; 2) discrimination of pro se litigate; 3) rights supported by the U.S. Constitution & U.S. Fed Codes; 3) failure to investigate a disability claim; 5) abuse of power by authoritative figure."  Plaintiff further states that he "seeks the administrative law judges surety/judicial bonds" and "his back checks & 25 thousand."

Plaintiff also filed a motion "for the release of Plaintiff's SSI benefits w/ back checks . . . . from 2013 to the present date." Therein, he states that from 2013 to 2022 he was heavily medicated for depression and bipolar disorder and that his doctor told him not to work. He then states that "my condition has cost me more than one job." He continues, "Being the Plaintiff's health conditions are proven by multitudes of diagnoses, recorded, his rights were violated, judicial misconduct is of question."

## II.

Under § 1915(e)(2)(B), the trial court must review and dismiss the complaint, or any portion of the complaint, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Moreover, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb*

*v. Contract Transp.*, Inc., 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

To the extent that Plaintiff seeks to bring federal constitutional claims under § 1983, his claims fail. Section 1983 claims may only be brought against persons acting under color of state law, *see West v. Atkins*, 487 U.S. 42, 48 (1988), and despite the fact that Plaintiff sues the City of Louisville, the Social Security Administration (SSA) is a federal agency. Plaintiff's claims could be construed as brought under *Bivens v. Six Unknown Named Fed. Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which applies to federal action; however, a *Bivens* suit cannot be brought against a federal agency. *See Cook v. Fed. Bureau of Prisons*, No. 22-3065, 2022 U.S.

App. LEXIS 17217, at *3 (6th Cir. June 22, 2022) (citing *FDIC v. Meyer*, 510 U.S. 471, 475, 485 (1994)).

Moreover, although this Court acts as a court of appeals with regard to review of Social Security disability-benefits decisions, it does not have subject-matter jurisdiction where a claimant fails to exhaust the administrative procedures set out in the Social Security Act. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975) (noting that federal courts lack subject-matter jurisdiction over a lawsuit bringing claims that arise under the Social Security Act until the Commissioner issues a final decision); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (citing *Sims v. Apfel*, 530 U.S. 103, 107 (2000)). Nothing in the complaint indicates that Plaintiff has exhausted his administrative remedies with the SSA. Therefore, any appeal must be dismissed for lack of subject-matter jurisdiction.

Accordingly, the Court will dismiss this action by separate Order.

Date: April 4, 2024

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
4416.011